UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUELINE R. MILONE and JOHN MILONE,<br><br>                              Plaintiffs,<br><br>     -v-<br><br>CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, NEW YORK CITY DEPARTMENT OF PARKS & RECREATION, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., BRYANT PARK CORPORATION, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY, and MTA BUS COMPANY,<br><br>                              Defendants. | CIVIL ACTION NO. 23 Civ. 6412 (SLC)<br><br>**OPINION AND ORDER** |

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Jacqueline R. Milone was injured after she tripped and fell over yellow mats on a Manhattan sidewalk, as a result of which she and her husband, Plaintiff John Milone, seek monetary damages against Defendants.  (ECF No. 23 (the "Amended Complaint") ¶¶ 38–40, 44, 51).  The New York City Transit Authority (the "NYCTA"), Metropolitan Transportation Authority (the "MTA"), and MTA Bus Company ("MTA Bus") (collectively, "Transit Defendants") move to dismiss the Amended Complaint, (ECF No. 42 (the "Motion")), and Plaintiffs cross-move for leave to file a late notice of claim, (ECF No. 44 (the "Cross-Motion")).  The Motion is granted, and the Cross-Motion is denied.

## II. BACKGROUND

### A. Factual Background

On December 29, 2022, Mrs. Milone tripped and fell over "uneven, raised, mis-leveled and otherwise defective yellow rubberized floor/sidewalk/ground mats" (the "Mats") as she walked in front of Bryant Park on Sixth Avenue between West 41st Street and West 42nd Street. (ECF No. 23 ¶¶ 36, 38). Mrs. Milone "sustained multiple bodily injuries, . . . including, but not limited to [her] right hip, right knee, and right leg." (Id. ¶ 40). Plaintiffs allege that before Mrs. Milone's fall Defendants had notice of the Mats' "dangerous condition,", which Defendants "caused and created[.]" (Id. ¶ 41–42). Mr. Milone "necessarily paid" the medical expenses Mrs. Milone incurred—as long as he could afford to. (Id. ¶ 54). As of January 23, 2024, Mr. Milone "has become unable to pay for" Mrs. Milone's medical expenses, and he expects to "incur further expenses of a similar nature." (Id.).

Plaintiffs bring two causes of action against all Defendants: (1) negligence resulting in personal injury to Mrs. Milone, and (2) Mr. Milone's loss of consortium and spousal support. (Id. ¶¶ 43–44, 51–55).

### B. Procedural Background

On July 25, 2023, Plaintiffs filed the original complaint. (ECF No. 1; see ECF No. 2 (the "Complaint")).[1] Plaintiffs named Defendants the City of New York (the "City"), New York City Department of Transportation ("NYCDOT"), New York City Department of Parks & Recreation ("NYCDPR"), Consolidated Edison Company of New York, Inc. ("Con Ed"), Bryant Park Corporation ("BPC") (together the "Original Defendants," and with Plaintiffs the "Original Parties"). (ECF No.

---

[1] On August 4, 2023, Plaintiffs refiled the Complaint to correct docketing deficiencies. (ECF No. 2).

2 at 1).  The Complaint included the same two causes of action Plaintiffs bring in the Amended

Complaint.  (Id. ¶¶ 16–40).  Plaintiffs alleged that, on March 27, 2023, they served a notice of

claim on the City, NYCDOT, and NYCDPR (the "Notice of Claim").  (Id. ¶ 8).

The Honorable Edgardo Ramos, to whom this case was then assigned, held an initial

conference with the Original Parties.  (ECF Nos. 17; 24; see ECF min. entry Jan. 4, 2024).  At the

initial conference, the Original Defendants represented that the Mats belonged to the MTA,

which is "a separate entity" from the City.  (ECF No. 24 at 4–5).  In response, Plaintiffs' counsel

said he "[wasn]'t sure who was responsible for placing the [M]ats down or who had control[]

over" them and that this was "the first [he] heard of the MTA being involved."  (Id. at 4).  Plaintiffs'

counsel asked "to make an application, given this new information, to amend [the Original

Complaint] to bring in the MTA."  (Id. at 6).  Judge Ramos granted Plaintiffs "leave to amend the

[Original Complaint] by January 19, 2024[,]" and directed the Original Parties "to submit a

proposed discovery order by January 5, 2024 with a discovery cut-off date of June 11, 2024[.]"

(ECF min. entry Jan. 4, 2024).  The Original Parties thereafter consented to Magistrate Judge

jurisdiction for all purposes under 28 U.S.C § 636(c).  (ECF No. 20).

On January 23, 2024, Plaintiffs filed the Amended Complaint, adding the Transit

Defendants and allegations concerning Mr. Milone's damages.  (ECF No. 23 ¶¶ 8–10, 54).

Plaintiffs allege again that they served the Notice of Claim on the City, NYCDOT, and NYCDPR on

March 27, 2023.  (Id. ¶ 11).  They do not allege that they served a notice of claim or prelitigation

demand or claim on the Transit Defendants.  (See id.)

After the parties completed briefing on the Motion and Cross-Motion, the Court held a

telephone status conference and, at the parties' request, extended certain interim discovery

deadlines. (ECF Nos. 41; 46; 47; <u>see</u> ECF min. entry June 24, 2024). The Court held a second telephone status conference during which counsel for the City said an investigation confirmed "that the [M]ats are the responsibility of" the NYCTA. (ECF Nos. 46; 49; 50 at 4; <u>see</u> ECF min. entry July 26, 2024).

### III. <u>JURISDICTION AND VENUE</u>

Complete diversity exists among the parties on the face of the Amended Complaint and the amount in controversy exceeds $75,000 (ECF No. 23), so the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested.

### IV. <u>LEGAL STANDARD</u>

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> This, however, "does not impose a probability requirement at the pleading stage[.]" <u>Twombly</u>, 550 U.S. at 556; <u>see</u> <u>also</u> <u>Matrixx Initiatives, Inc. v. Siracusano</u>, 563 U.S. 27, 46 (2011) (same).[2] A complaint need not allege "detailed factual allegations," but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.

---

[2] Citations and internal quotations are omitted unless otherwise noted.

On a motion to dismiss, courts "accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor." Austin v. Town of Farmington, 826 F.3d 622, 625 (2d Cir. 2016). But courts need not accept legal conclusions in the complaint as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

## V. DISCUSSION

### A. Notice and Prelitigation Demand

The Transit Defendants contend that Plaintiffs' failure to serve a notice of claim on the NYCTA and the MTA and a "pre-litigation demand" on MTA Bus necessitates dismissal of Plaintiffs' claims against them. (ECF No. 42-1 at 14–23). They are right. And Plaintiffs concede as much, acknowledging their failure to serve a notice of claim on the NYCTA and the MTA and asking for leave to serve a late notice of claim on the Transit Defendants so their "inadvertent mistake" in identifying the Transit Defendants as parties to the case will not end in dismissal. (ECF No. 44 at 8.) Notably, Plaintiffs do not address the Transit Defendants' argument that Plaintiffs failed to serve a "pre-litigation demand" on MTA Bus. (ECF No. 42-1 at 17–18, 21–24; see ECF No. 44).

"In federal court, state notice-of-claim statutes apply to state-law claims." Parise v. New York City Dep't of Sanitation, 306 F. App'x 695, 697 (2d Cir. 2009) (summary order). "[T]he notice of claim requirement is 'strictly construed.'" Norman v. City of New York, No. 20 Civ. 5560 (LTS), 2022 WL 3354707, at *6 (S.D.N.Y. Aug. 12, 2022) (quoting Schoolcraft v. City of New York, 81 F. Supp. 3d 295, 300 (S.D.N.Y. 2015)). "Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim." Da Mata v. City of New York, No. 21 Civ. 155 (KPF), 2023 WL 112449, at *17 (S.D.N.Y. Jan. 5, 2023); see Norman, 2022 WL 3354707, at *6 (same); McTerrell v. New York City Health & Hosps. Corp., No. 19 Civ. 4469 (PAE) (SDA), 2020 WL 1503194, at *4 (S.D.N.Y. Mar. 30, 2020) (same).

As to the NYCTA, the applicable state statute is clear. "An action against the [NYCTA] founded on tort shall not be commenced . . . unless a notice of claim shall have been served on the [NYCTA] within the time limited, and in compliance with all the requirements of section fifty-e of the general municipal law." N.Y. Pub. Auth. Law § 1212(2); see Guadagni v. New York City Transit Auth., No. 08 Civ. 3163 (CPS) (SMG), 2009 WL 205050, at *5 (E.D.N.Y. Jan. 27, 2009), aff'd, 387 F. App'x 124 (2d Cir. 2010) (summary order). A plaintiff must serve the notice of claim "within ninety days after the claim arises[.]" N.Y. Gen. Mun. Law § 50-e(1)(a). Moreover, a plaintiff may not bring suit until and must allege in the complaint that "at least thirty days have elapsed since the service of" her notice of claim on NYCTA. N.Y. Pub. Auth. Law § 1212(4).

Another state statute governs tort actions against MTA, but the prelitigation requirements are substantively the same: a plaintiff must serve a prelitigation notice of claim on the MTA "within ninety days after the claim arises" and may not bring suit until and must allege

6

in the complaint that "at least thirty days have elapsed since" she served the notice of claim on

MTA.  See N.Y. Pub. Auth. Law § 1276(1) & (2); N.Y. Gen. Mun. Law § 50-e(1)(a).

Although MTA Bus is not entitled to receive a notice of claim before a plaintiff commences

an action against it, MTA Bus is a subsidiary of MTA, so a plaintiff must still serve a prelitigation

demand or claim and allege in the complaint that such demand or claim was made "at least thirty

days" before the action commenced (the "Demand Requirement").  N.Y. Pub. Auth. Law

§ 1276(1); Id. at § 1276(6) ("The provisions of this section which relate to the requirement for

service of a notice of claim shall not apply to a subsidiary corporation of the [MTA].  In all other

respects, each subsidiary corporation of the [MTA] shall be subject to the provisions of this

section as if such subsidiary corporation were separately named[.]");  Andersen v. Long Is. R.R.,

59 N.Y.2d 657, 661 (1983) (holding the prelitigation "demand" or "claim" requirement of

Section 1276(1) applies to suits against subsidiaries of the MTA); Wolfson v. Metro. Transp. Auth.,

123 A.D.3d 635, 636 (1st Dep't 2014) (same).

What does that mean for Plaintiffs?  Simple: a plain reading of the statutes requires

dismissal of Plaintiffs' claims against the Transit Defendants because they failed to serve a notice

of claim on the NYCTA and the MTA or to serve a demand or claim on MTA Bus.  Recall that

Plaintiffs concede they never served a notice of claim on the NYCTA and the MTA.  (See ECF

No. 44).  Instead, they say, "at the time of serving their initial Notice of Claim, Plaintiffs had no

information or documentation identifying the 'Transit Authority' as potential defendants[,]" and

ask the Court to excuse "this inadvertent mistake" and allow Plaintiffs to serve a late notice of

claim on the Transit Defendants.  (Id. at 8).  Whatever the merits of Plaintiffs' claim of mistake,

federal courts "lack jurisdiction . . . to grant permission to file a late notice."  McTerrell, 2020 WL

1503194, at *4. Even if Plaintiffs' failure to file a notice of claim was due to mistake, this Court

lacks the power to grant the relief Plaintiffs seek. Id.; Costabile v. Cnty. of Westchester, 485 F.

Supp. 2d 424, 431 (S.D.N.Y. 2007). "Because this defect is not curable," Plaintiffs' claims against

the NYCTA and the MTA must be dismissed "with prejudice[,]" McTerrell, 2020 WL 1503194, at

*4.

Plaintiffs' failure to comply with the Demand Requirement warrants dismissal with

prejudice of Plaintiffs' claims against MTA Bus as well. The Demand Requirement is "a pleading

requirement" that, in theory, would be curable through amendment, see Shaw v. Long Is. R.R.

Co., No. 16 Civ. 6972 (BMC), 2017 WL 5634122, at *1, 7–8 (E.D.N.Y Nov. 22, 2017) (dismissing

claims against MTA subsidiary for failure to comply with Demand Requirement but "without

prejudice to reassertion after compliance with PAL § 1276(1)"). Granting the Cross-Motion and

permitting amendment would be futile, however, because the statute of limitations for Plaintiffs'

claims against MTA Bus has expired. The statute of limitations applicable to tort claims against

MTA Bus is "one year and ninety days after the cause of action therefor shall have accrued[.]"

N.Y. Pub. Auth. Law § 1276(2). Here, Plaintiffs' claims against MTA Bus accrued on December 29,

2022, and they filed the Cross-Motion on May 31, 2024, more than two months after the statute

of limitations expired. (ECF Nos. 23 ¶ 36; 44).

Because the statute of limitations has expired, granting the Cross-Motion with leave to

amend after the Demand Requirement is satisfied would be futile, so the Cross-Motion is denied.

See Reynolds v. City of Mount Vernon, No. 14 Civ. 1481 (JMF), 2015 WL 1514894, at *5 (S.D.N.Y.

Apr. 1, 2015) ("[A] district court may deny leave to amend when, as here, amendment would be

futile[.]"); see also Anderson v. Inc. Vill. of Hempstead, No. 15 Civ. 1485 (JS) (SIL), 2020 WL

999856, at *2 (E.D.N.Y. Mar. 2, 2020) ("A motion to amend the complaint is futile if the claims

sought to be added are barred by the relevant statute of limitations.").

### B. **Whether the MTA is a Proper Party**

The Transit Defendants argue in addition that the MTA is not a proper party to this action.

(ECF No. 42-1 at 23–24).  Plaintiffs do not oppose or otherwise respond to this argument.  (ECF

No. 44).  Because Plaintiffs' claims against the MTA will be dismissed for failure to serve a notice

of claim, there is no need to address whether the MTA is a proper party.

### VI. **CONCLUSION**

For these reasons, the Motion is **GRANTED**, the Cross-Motion is **DENIED**, and Plaintiffs'

claims against the Transit Defendants are **DISMISSED WITH PREJUDICE**.

The Clerk of Court is respectfully directed to close ECF No. 42 and terminate New York

City Transit Authority, Metropolitan Transportation Authority, and MTA Bus Company as

defendants in the case.

Dated:      New York, New York
            August 28, 2024

                                              SO ORDERED.

                                              _____
                                              SARAH L. CAVE
                                              United States Magistrate Judge