UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELINE R. MILONE and JOHN MILONE,

            Plaintiffs,

-v-

BRYANT PARK CORPORATION,

            Defendant.

CIVIL ACTION NO. 23 Civ. 6412 (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Defendant Bryant Park Corporation ("BPC") moves for summary judgment, contending it is not responsible for the condition that caused Plaintiff Jacqueline R. Milone's ("Mrs. Milone") injuries after she tripped and fell over a yellow mat on a Manhattan sidewalk. (ECF No. 70 (the "Motion")). Plaintiffs—Mrs. Milone and her husband, John Milone ("Mr. Milone")—resist. (ECF No. 80). Because the condition that caused Mrs. Milone's injury was open and obvious and not inherently dangerous as a matter of law, the Motion is granted. Accordingly, Plaintiffs' claims against BPC (see ECF No. 23) are dismissed with prejudice.

## II. BACKGROUND

### A. Factual Background

Aside from their own legal conclusions, the parties largely agree on the basic facts underlying Plaintiffs' claims. (Compare ECF No. 71 with ECF No. 82). Plaintiffs are Florida residents who visited New York City on a family vacation in December 2022. (ECF No. 71 ¶ 7).[1]

---

[1] Unless otherwise indicated, citations to the factual background are taken from the parties' Rule 56.1 Statements and exclude internal citations to the parties' evidentiary submissions. (See ECF Nos. 71; 82).

On the afternoon of December 30, 2022, the sun shining on an otherwise clear and chilly day, Plaintiffs walked southbound on the Sixth Avenue sidewalk between West 41st and West 42d Street near Bryant Park in Manhattan.  (Id. ¶¶ 8, 10).  As Plaintiffs approached the intersection at Sixth Avenue and 42d Street, Mrs. Milone tripped and fell on the sidewalk.  (Id. ¶ 11). According to Plaintiffs, Mrs. Milone walked through "heavy pedestrian traffic" as she approached Bryant Park, and tripped and fell after she "shifted to walk to her right to avoid the pedestrians" when "a group of people" approached her "from the front[.]"  (ECF No. 82 ¶ 11).  Mrs. Milone tripped over a flat rubber or plastic yellow mat with black sloped rubber edges that was about eight feet long and three feet wide, raised approximately three inches off the ground.  (ECF No. 71 ¶¶ 12–15 (the "Mat")).  The Milone family took photos of the Mat:



(ECF Nos. 70-6 at 2; 71 ¶¶ 18–21).  Mrs. Milone testified that she did not see the Mat before falling and only noticed it after she had fallen to the ground.  (ECF No. 71 ¶¶16–17).

This case turns on whether BPC is liable for any injuries Plaintiffs suffered. (See generally, ECF Nos. 23; 74; 80; 84). In the First Amended Complaint, Mrs. Milone alleged that she "sustained multiple bodily injuries, . . . including, but not limited to [her] right hip, right knee, and right leg" as a result of her trip-and-fall over the Mat. (ECF No. 23 ¶ 40). Mr. Milone alleged that he "necessarily paid" some of the medical expenses Mrs. Milone incurred. (Id. ¶ 54). As of January 23, 2024, Mr. Milone could no longer pay for Mrs. Milone's medical expenses, although he expects to "incur further expenses of a similar nature." (Id.)

**B. Procedural Background**

The procedural background detailed in the Court's previous Opinion and Order (ECF No. 52 at 2–4) is incorporated by reference. See Milone v. City of N.Y., No. 23 Civ. 6412 (SLC), 2024 WL 3988826, at *1 (S.D.N.Y. Aug. 28, 2024). Since then, all the defendants named in Plaintiffs' Amended Complaint, apart from BPC, have been dismissed from this case. (ECF No. 52 at 9; 53; 54; 58; 59). The last defendant standing, BPC filed a Third-Party Complaint against the New York City Transit Authority, Metropolitan Transportation Authority, and MTA Bus Company (together, the "Third-Party Defendants"), asserting claims for indemnity and contribution arising out of any favorable judgment Plaintiffs might achieve against BPC. (See generally ECF No. 56). The Third-Party Defendants filed an Answer to the Third-Party Complaint and demanded a jury trial. (ECF Nos. 60; 61). The parties completed fact discovery (ECF No. 69), and expert discovery was deemed closed except as to Mrs. Milone's independent medical examination (ECF No. 76).

BPC now seeks summary judgment on Plaintiffs' two claims against it: (1) negligence resulting in personal injury to Mrs. Milone (the "Negligence Claim"), and (2) Mr. Milone's loss of

consortium and spousal support (the "Loss of Consortium Claim"). (ECF No. 70; see ECF No. 23 ¶¶ 43–44, 51–55).

On January 6, 2025, BPC filed the Motion (ECF No. 70; see also ECF Nos. 71–75). On January 21, 2025, Plaintiffs filed their opposition to the Motion. (ECF Nos. 80–82 (the "Opposition")). On January 27, 2025, BPC filed a reply. (ECF No. 84).

### III. APPLICABLE LAW

**A. Motions for Summary Judgment Under Rule 56**

"Summary judgment is appropriate where the admissible evidence and pleadings demonstrate 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" N.Y.C. Transit Auth. v. Express Scripts, Inc., 588 F. Supp. 3d 424, 433 (S.D.N.Y. 2022) (quoting Fed. R. Civ. P. 56(a)); see Johnson v. Killian, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam).[2] To qualify as a genuine dispute of material fact, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

"The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact." Express Scripts, 588 F. Supp. 3d at 433–34 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). "Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense—on which the defendant bears the burden of proof at trial—a plaintiff 'may satisfy its Rule 56 burden by showing that there is an absence of evidence to support [an essential element of] the [non-moving party's] case.'" F.D.I.C. v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994) (quoting DiCola v. SwissRe Holding (North America),

---

[2] Internal citations and quotations are omitted from case citations unless otherwise indicated.

Inc., 996 F.2d 30, 32 (2d Cir. 1993)).  "While whatever evidence there is to support an essential element of an affirmative defense will be construed in a light most favorable to the non-moving defendant, there is 'no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.'"  Id. (quoting Celotex, 477 U.S. at 323).  "After all, in cases where there is an absence of evidence to support an essential element of a defense, with respect to that defense 'there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the [defendant's affirmative defense] necessarily renders all other facts immaterial."  Id. at 54–55 (quoting Celotex, 477 U.S. at 323).

In analyzing a motion for summary judgment, a court must view all evidence "in the light most favorable to the non-moving party[,]" Overton v. N.Y. State Div. of Mil. & Naval Affs., 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought[.]"  Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).  To overcome a motion for summary judgment, the non-moving party must put forth more than a "scintilla of evidence[,]" Anderson, 477 U.S. at 252, and must demonstrate more than "some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible[.]"  Gottlieb v. Cnty. of Orange, 84 F.3d 511, 518 (2d Cir. 1996).

Plaintiffs' claims arise under the Court's diversity jurisdiction, and the parties do not dispute that New York substantive law governs their resolution, as detailed below.  However, the

5

Second Circuit "ha[s] determined under Fed. R. Civ. P. 56 [ ] that 'the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions.'" Tenay v. Culinary Teachers Ass'n of Hyde Park, 281 F. App'x 11, 12–13 (2d Cir. 2008) (summary order) (quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988)); see also Castellanos v. Target Dep't Stores, Inc., No. 12 Civ. 2775 (GWG), 2013 WL 4017166, at *7 (S.D.N.Y. Aug. 7, 2013) ("[B]ecause the evidentiary burden that the parties bear in a summary judgment motion is procedural, the federal standard controls.").

Moreover, the federal standard governing the parties' evidentiary burdens is more permissive than its New York state analogue. "Under the law of New York State, . . . a defendant in a personal injury action may not satisfy its summary judgment burden 'merely by pointing to gaps in the plaintiff's case,' but rather must submit affirmative evidence in support of its position." Perez v. Dolgen Corp. of N.Y. Inc., 721 F. Supp. 3d 206, 214 (S.D.N.Y. 2024). By contrast, under the federal standard, a "[d]efendant's summary judgment burden is satisfied if it can point to 'an absence of evidence to support an essential element' of [the] [p]laintiff's negligence claim." Id.

### B. Negligence Under New York Law

In New York, the elements of a negligence claim are (i) a duty owed by the defendant to the plaintiff, (ii) a breach thereof, and (iii) injury proximately resulting from such a breach. Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006). BPC has not raised the third element, proximate cause. The parties focus on the interrelated issues of duty and breach.

Two duties are implicated in trip-and-fall premises liability cases under New York law: a landowner's specific "duty to warn of [a] hazard," and its general "duty to maintain the premises

in a reasonably safe condition." Borley v. United States, 22 F.4th 75, 82 (2d Cir. 2021) (citing Aberger v. Camp Loyaltown, Inc., 193 A.D.3d 195 (1st Dep't 2021)).  Although the former emerges from the latter, the two duties are "analytically distinct," such that liability may be found for failure to maintain reasonably safe premises, "even where the obviousness of the risk negates any duty to warn." Cohen v. Shopwell, Inc., 309 A.D.2d 560, 562 (1st Dep't 2003); see also Cupo v. Karfunkel, 1 A.D.3d 48, 51 (2d Dep't 2003) ("The scope of a landowner's duty to maintain property in a reasonably safe condition may also include the duty to warn of a dangerous condition.").

Neither duty is limitless.  Under New York law, "a landowner has no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous." Varon v. N.Y.C. Dep't of Educ., 123 A.D.3d 810, 811 (2d Dep't 2014). A condition that is both (i) open and obvious and (ii) not inherently dangerous implicates neither the specific duty to warn, as "a person entering the property is just as aware as the landowner of the condition of the property and the risks associated with it," nor the general duty of care, as such a condition "cannot fairly be attributed to any negligent maintenance of the property" on the landowner's part. Cupo, 1 A.D.3d 52.  While these considerations are often fact-specific, courts are not "precluded from granting summary judgment to a landowner on the ground that the condition complained of by the plaintiff was both open and obvious and, as a matter of law, was not inherently dangerous." Id.

With respect to the breach element, "[t]o impose liability upon a defendant in a trip-and-fall action, there must be evidence that a dangerous or defective condition existed, and that the defendant either created the condition or had actual or constructive notice of

7

it."   Habecker v. KFC U.S. Props., Inc., 928 F. Supp. 2d 648, 654 (E.D.N.Y. 2013) (quoting Sermos v. Gruppuso, 95 A.D.3d 985 (2d Dep't 2012)).  "Whether a dangerous or defective condition exists on the property of another so as to create liability depends on the circumstances of each case and is generally a question of fact for the jury."  Id. (quoting Delaney v. Town Sports Int'l, 88 A.D.3d 635 (2d Dep't 2011)).  Summary judgment is nevertheless appropriate where "the record contains no evidence establishing a genuine issue of material fact with respect to [whether the defendant created the condition], [or had] actual notice[,] or constructive notice."  Tenay, 281 F. App'x at 13.

## IV. DISCUSSION

### A. The Negligence Claim

BPC contends it is entitled to summary judgment on the Negligence Claim because (i) it owed no duty of care to Mrs. Milone for sidewalk conditions, (ii) alternatively, it did not own the subway grate on which the Mat sat and therefore owed Mrs. Milone no duty of care, and (iii) the Mat "was open and obvious and not inherently dangerous[.]"  (ECF No. 74 at 13–21).  Plaintiffs argue that genuine disputes of material fact as to each issue preclude summary judgment.  (See generally, ECF No. 80).  Specifically, Plaintiffs contend a jury must decide whether (i) BPC maintained the area where Mrs. Milone tripped and fell, (ii) BPC created the condition resulting in Mrs. Milone's injury, (iii) BPC made special use of the land on which the Mat was placed, and (iv) the Mat was open and obvious and not inherently dangerous.  (Id. at 12–21).

For the purpose of deciding the Motion, the Court need not wade into whether BPC, as lessee of property abutting the subject premises and not landowner of the subject premises, owed a duty to Plaintiffs relating to the condition that caused Mrs. Milone's injury because—

8

assuming without deciding that it did owe a duty, and taking the facts in the light most favorable to Plaintiffs—there is no genuine dispute of material fact concerning whether the Mat was open and obvious and not inherently dangerous.  The undisputed facts show that the Mat was open and obvious and not inherently dangerous as a matter of law, so BPC is entitled to summary judgment on the Negligence Claim.

As discussed above, a landowner's duty to warn and more general duty to maintain the subject premises in a reasonably safe condition are not breached where a condition is open and obvious and not inherently dangerous.  Perez, 721 F. Supp. 3d at 215, 226.  (See § III.B., supra). What, then, is an open and obvious condition?  In New York, a condition is open and obvious when it is "readily observable by the reasonable use of one's senses."  Benjamin v. Trade Fair Supermarket, Inc., 119 A.D.3d 880, 881 (2d Dep't 2014).  Put differently, "[f]or a condition to be open and obvious as a matter of law, it must be one that could not be overlooked by any observer reasonably using his or her ordinary senses."  Silvestri v. Kohl's Dep't Stores, Inc., No. 19 Civ. 10550 (KMK), 2022 WL 2971988, at *5 (S.D.N.Y. July 27, 2022) (citing Garrido v. City of N.Y., 9 A.D.3d 267 (1st Dep't 2004)).  "While the issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question, a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion, and may do so on the basis of clear and undisputed evidence."  Tagle v. Jakob, 97 N.Y.2d 165, 169 (2001).  Such is the case here.

To start, BPC relies on Perez, 721 F. Supp. 3d at 216, in which a plaintiff tripped over a yellow handbasket on the floor of a retail store, to support its argument that the Mat was open and obvious and not inherently dangerous.  (ECF No. 74 at 18–20).  The Court finds Perez

9

persuasive and Plaintiffs' attempt to distinguish it unpersuasive. (ECF No. 80 at 20). In Perez, Judge Failla concluded that the danger posed by the handbasket, considering its location and characteristics—including that its yellow color made it "appear conspicuous against the gray floor and black [] shelves"—was open and obvious and not inherently dangerous, so she granted summary judgment for the defendant. 721 F. Supp. 3d at 216, 226. Plaintiffs attempt to distinguish Perez by arguing that the size difference between the handbasket there and the Mat here render Judge Failla's reasoning inapplicable to this case. (ECF No. 80 at 20). That is quite a stretch, and the Court disagrees.

There is no dispute that the Mat is yellow with black sloped edges, lays flat on the ground with dimensions of about eight feet long and three feet wide, raises approximately three inches off the ground, and is made from rubber or plastic. (ECF Nos. 71 ¶¶ 12–15; 82 ¶¶ 12–15). And there were several such mats on the ground near where Mrs. Milone fell. (ECF Nos. 71 ¶¶19–21; 82 ¶¶19–21; 70-6 at 2). No reasonable juror could conclude that the Mat was not "readily observable by the reasonable use of one's senses." Benjamin, 119 A.D.3d at 881. The Mat occupied several square feet, was colored bright yellow, and was one of several such mats in the same area. Its characteristics made it conspicuous to any pedestrian traversing the area. See Chaney v. Starbucks Corp., 115 F. Supp. 3d 380, 387 (S.D.N.Y. 2015) ("Virtually any patron in [plaintiff's] position would have readily noticed the [laptop] charger by making reasonable use of [her] senses, as there was a stark color contrast between the white charger and the orange tile floor."); Gallo v. Hempstead Turnpike, LLC, 97 A.D.3d 723, 723 (2d Dep't 2012) (finding a wheel stop, "painted yellow in contrast to the color of the sidewalk to which it was affixed, . . . was readily observable to those employing the reasonable use of their senses and, thus, open and

obvious" as a matter of law); Stern v. Costco Wholesale, 63 A.D.3d 1139, 1140 (2d Dep't 2009) (finding flatbed shopping cart, "painted bright orange," to be "open and obvious"); Neiderbach v. 7-Eleven, Inc., 56 A.D.3d 632, 632 (2d Dep't 2008) (finding a "blue plastic crate . . . about 15 inches high and 12 inches wide" to be an open and obvious condition); Schulman v. Old Navy/The Gap, Inc., 45 A.D.3d 475, 476 (1st Dep't 2007) (finding that a bracket, "even if obscured, was obvious because of the presence of like brackets and racks throughout the store"). The only viable conclusion from the undisputed evidence is that the Mat was open and obvious.

In addition, the Mat was not inherently dangerous. "[W]hether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case." Russo v. Home Goods, Inc., 119 A.D.3d 924, 925–26 (2d Dep't 2014). "In assessing inherent dangerousness, a court may consider factors including the inherent nature of the condition at issue, evidence of prior accidents, whether there is a statutory violation, the frequency of inspections, photographs depicting the condition, and expert testimony." Perez, 721 F. Supp. 3d at 223–24.

Although the issue of inherent dangerousness is often a jury question, "the landowner may establish a prima facie entitlement to judgment as a matter of law where the evidence shows that the condition was 'not inherently dangerous.'" Id. at 224. "If, in response, the plaintiff fails to raise 'triable issues of fact as to whether the condition was inherently dangerous,' the Court may resolve this issue as a matter of law." Id. Such is the case here.

The same evidence supporting the conclusion that the Mat was open and obvious supports the conclusion that it was not inherently dangerous as a matter of law. The photograph

11

of the Mat (or mats in the vicinity where Mrs. Milone fell) (ECF No. 70-6 at 2), together with the parties' description of the Mat (ECF Nos. 71 ¶¶ 12–15, 19–21; 82 ¶¶ 12–15, 19–21), the clear and sunny weather conditions on the afternoon in question (ECF Nos. 71 ¶ 10; 82 ¶ 10), and the absence of any evidence describing other accidents or injuries resulting from the Mat all cut in favor of concluding the Mat was not inherently dangerous.

To counter that evidence, Plaintiffs argue that the presence of many other pedestrians in the area distracted Mrs. Milone from noticing the Mat, so there is a genuine dispute of fact as to whether the Mat was open and obvious and not inherently dangerous.  (ECF Nos. 80 at 19–21). The only evidence Plaintiffs submitted of such "heavy pedestrian traffic" is Mrs. Milone's own deposition testimony.  (ECF Nos. 82 ¶11; 80-3 at 21–23).  Moreover, apart from citing to the relevant legal standards applicable to their claims, Plaintiffs proffered no case law in support of their position.

It is true that "[a] condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted."  Pirreca v. Smithtown Cent. Sch. Dist., 208 A.D.3d 526, 527 (2d Dep't 2022).  But the Second Circuit does "not require the Court's uncritical adherence to Plaintiff[s'] version of the facts," even taking the facts in the light most favorable to them, because "summary judgment may be appropriate where a plaintiff relies on her 'testimony . . . [,] largely unsubstantiated by any other direct evidence[,] [which testimony] was 'so replete with inconsistences and improbabilities' that no reasonable juror would undertake the suspension of disbelief necessary to credit [the plaintiff's] allegations."  Perez, 721 F. Supp. 3d at 219 (quoting Jeffreys v. City of N.Y., 426 F.3d 549, 555 (2d Cir. 2005)).  As in Perez, where Judge Failla rejected

the plaintiff's argument that she was distracted by another person in the checkout area of a store before tripping and falling, id. at 219, here too we must discount Mrs. Milone's assertion that she was distracted by the many other people walking near or toward her and therefore did not see the Mat before tripping and falling over it. Mrs. Milone's alleged distraction due to the presence of other pedestrians is unsubstantiated by other evidence in the record and thus does not alone preclude summary judgment here. Id. (citing Dister v. Continental Grp., Inc., 859 F.2d 1108, 1114 (2d Cir. 1988) (stating that a plaintiff "is not entitled to a trial simply because the determinative issue focuses upon [her] state of mind"); Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) (explaining that a plaintiff's "unsupported assertions[]" do not satisfy burden to produce evidence to defeat summary judgment (emphasis added))).

Plaintiffs failed to meet their evidentiary burden, relying in significant part on Mrs. Milone's unsubstantiated testimony of her own distraction or inattentiveness, and failed to raise "triable issues of fact as to whether the condition was inherently dangerous[.]" Perez, 721 F. Supp. 3d at 224. The weight of the undisputed evidence—even viewed in the light most favorable to Plaintiffs—cuts in favor of summary judgment for BPC because the record is far too thin for any reasonable juror to conclude that the Mat was not open and obvious and was inherently dangerous. See Perez, 721 F. Supp. 3d at 226; cf. Philips v. Paco Lafayette LLC, 106 A.D.3d 631, 632 (1st Dep't 2013) (granting summary judgment for defendant where concrete curb "about eight inches high" was "open and obvious, not inherently dangerous and readily observable by one's reasonable use of his or her senses. . . . [T]he evidence establishes that the accident was caused by plaintiff's inattentiveness.").

13

There is no doubt that Mrs. Milone's injury and the effect it has had on her and her family is disheartening and unfortunate. Absent a genuine dispute of material fact on the dispositive issue of whether the condition that caused Mrs. Milone's injury was open and obvious and not inherently dangerous, however, Plaintiffs cannot establish that BPC is liable, and the Motion is therefore granted on the Negligence Claim. See Perez, 721 F. Supp. 3d at 225–27; Glassberg v. Staples the Office Superstore East, Inc., No. 08 Civ. 2132 (KAM) (JMA), 2010 WL 3924682, at *6 (E.D.N.Y. Sept. 13, 2010), adopted by, 2010 WL 3909206 (E.D.N.Y. Sept. 29, 2010) (granting summary judgment where condition was open and obvious and not inherently dangerous such that it "did not constitute an unsafe condition" as required to show that defendant breached duty of care); see also Schiavone v. Bayside Fuel Oil Depot Corp., 94 A.D.3d 970, 971 (2d Dep't 2012) (affirming grant of summary judgment for defendant landowner, who "has no duty to protect against or warn about open and obvious conditions that are not inherently dangerous"); Rao-Boyle v. Alperstein, 44 A.D.3d 1022, 1022 (2d Dep't 2007) (same); Bellini v. Gypsy Magic Enters., Inc., 112 A.D.3d 867, 868 (2d Dep't 2013) (reversing trial court's denial of summary judgment because the defendant established its prima facie case that complained-of condition was open and obvious and not inherently dangerous, and plaintiff had not raised a triable issue of fact refuting the prima facie case); Nelson v. 40-01 N. Blvd. Corp., 95 A.D.3d 851, 852 (2d Dep't 2012) (same); Losciuto v. City Univ. of N.Y., 80 A.D.3d 576, 576–77 (2d Dep't 2011) (same).

### B. The Loss of Consortium Claim

In New York, the Loss of Consortium Claim is derivative of the Negligence claim, so it must also be dismissed because the Negligence Claim is dismissed. See Milam v. Herrlin, 819 F. Supp. 295, 306–07 (S.D.N.Y. 1993).

### V. CONCLUSION

For these reasons, the Motion (ECF No. 70) is **GRANTED**. Plaintiffs' claims against Defendant Bryant Park Corporation and the Amended Complaint (ECF No. 23) are **DISMISSED WITH PREJUDICE**.[3]

The Clerk of Court is respectfully directed to close ECF No. 70.

Dated:  New York, New York
        February 7, 2025

                                        SO ORDERED.

                                        _____
                                        **SARAH L. CAVE**
                                        **United States Magistrate Judge**

---

[3] No party moved for summary judgment on BPC's claims against the Third-Party Defendants, and the Court declines to sua sponte consider the effect of this Opinion and Order on the Third-Party Complaint.